UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-04499-HDV-PDx | Date | July 2, 2026 |
| --- | --- | --- | --- |

| Title | *Daryl Whitfield v. Kristi Noem* |
| --- | --- |

| Present: The Honorable | Hernán D. Vera, United States District Judge |
| --- | --- |

| Wendy Hernandez | Not Reported |
| --- | --- |
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| --- | --- |
| Not Present | Not Present |

**Proceedings:**      **(IN CHAMBERS) ORDER GRANTING PRELIMINARY INJUNCTION [145]**

Before the Court is Plaintiff's Emergency Request for Temporary Restraining Order ("TRO") filed on June 11, 2026. [Dkt. 145].[1]  Plaintiff filed the instant request for injunctive relief primarily because he received a notice of proposed removal from his employer.  *See* [Dkt. 145] at 7–9.  Defendant filed an opposition on June 12, 2026.  [Dkt. 146].  As discussed below, the Court finds that Plaintiff has shown serious questions on the merits of his case and accordingly enjoins Defendant from terminating Plaintiff's employment at this time.[2]

\*\*\*

Plaintiff Daryl Whitfield—proceeding in pro per—is a military veteran with multiple service-connected disabilities and a 100 percent disability rating.  Second Amended Complaint ("SAC") ¶ 5 [Dkt. 33].  He has worked at the United States Customs and Border Protection ("CBP") since 2014 as an import specialist.  *Id*. ¶ 1.  Plaintiff alleges that, from 2015 to 2020, he

---

[1] The Court converts Plaintiff's request for TRO into a request for a preliminary injunction given the government's opportunity to respond at length.

[2] The Court previously denied Plaintiff's initial request for TRO in May 2025 and preliminary injunction in July 2025.  [Dkts. 13, 47].  Plaintiff appealed that denial, and the Ninth Circuit issued its memorandum on May 5, 2026, reversing with instructions.  *See* [Dkt. 130].  Defendant has filed a petition for rehearing en banc, and for that reason the mandate has not yet issued.

---

worked remotely three days a week with one day in the office.  *Id*. ¶ 6.  During the COVID-19 pandemic, he worked remotely every day for over two years and successfully performed all of his job duties.  *Id*. ¶ 7.

As early as March 2022, Plaintiff submitted requests for full-time telework.  Declaration of Judy Staudt ("Staudt Decl.") [Dkt. 28-1] ¶ 17.  Defendant denied all such requests and required him to report to work at least one day per week in person.  *Id*. ¶¶ 17, 27, 34.  Plaintiff avers that his disabilities require him to work remotely 100 percent of the time.

In January 2025, CBP announced its intent to require all employees to return to full-time in-person work.  *Id*. ¶ 31.  In March 2025, CBP permitted Plaintiff to work remotely two days per week and in-person two days per week, and offered other in-person accommodations.  *Id*. ¶¶ 33–34.

Plaintiff continued to contest a return to in-person work and filed this lawsuit in May 2025.  Plaintiff has not reported to work in-person since October 2025 but continued to attempt to work remotely.  *See* [Dkt. 138] at 4.  In December 2025, CBP Officers came to Plaintiff's residence and retrieved his government-issued laptop that he used to work remotely.  [Dkt. 145] at 4.  Because Plaintiff did not subsequently report to work in-person, CBP charged him as Absent Without Leave ("AWOL").  [Dkt. 138] at 5.  On June 4, 2026, CBP issued Plaintiff a letter of proposed removal, citing his AWOL status as the primary reason.  *Id*. at 4–8.

Federal Rule 65 grants district courts the power to issue injunctions and retraining orders.  Fed. R. Civ. P. 65.  Issuance of a preliminary injunction is an extraordinary remedy, and Plaintiff has the burden of proving the propriety of such a remedy.  *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).  In general, the showings required for a temporary restraining order and a preliminary injunction are the same.  *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).  A plaintiff must show that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm absent the injunction, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest.  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  When the government is a party, the last two factors merge.  *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014) (citing *Nken v. Holder*, 556 U.S. 418, 435 (2009)).

When evaluating the *Winter* factors, courts within the Ninth Circuit employ a "sliding scale test."  *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011).  "[W]hen plaintiffs establish that the balance of hardships tips sharply in their favor," and the other *Winter* factors are met, plaintiffs "need only show *serious questions* on the merits."  *Where Do We Go Berkeley v. Cal. Dep't of Transport.*, 32 F.4th 852, 859 (9th Cir. 2022) (citation modified).

Plaintiff has met this exacting test for injunctive relief.

First, the balance of equities and public interest unquestionably tips sharply in Plaintiff's favor.  Plaintiff is a disabled veteran who has worked for CBP for over twelve years.  He risks losing all his income, healthcare, and other benefits connected to his employment if Defendant is

---

**CIVIL MINUTES – GENERAL**                    Initials of Deputy Clerk WH

allowed to prematurely terminate his employment before his claims can be adjudicated.  This is imminent and irreparable harm.  Defendant's opposition does not identify any countervailing interest that would tip the balance in its favor.  *See generally* Opposition [Dkt. 146].

The Court further concludes that the *Winter* factors are met because Plaintiff has raised "serious questions" concerning his likelihood of prevailing on the failure to accommodate claim.  To establish a claim under the Rehabilitation Act, Plaintiff must show, *inter alia*, that he was denied a reasonable accommodation.  *Csutoras v. Paradise High School*, 12 F.4th 960, 968 (9th Cir. 2021).  Once an employer is aware of a disability that requires accommodation, there is an accompanying requirement to engage in the interactive process in order to reach a reasonable accommodation; failure to do so is itself a violation in cases where there is a reasonable accommodation available.  *See Coons v. Sec'y of the U.S. Dpt. Of Treasury*, 383 F.3d 879, 884 (9th Cir. 2004) (applying the same standards under the Rehabilitation Act and the Americans with Disabilities Act ("ADA"); *see also Snapp v. United Transport. Union*, 889 F.3d 1088, 1095 (9th Cir. 2018) ("The Ninth Circuit has held that [under the ADA] notifying an employer of a need for an accommodation triggers a duty to engage in the 'interactive process'[.]").  What is required is "informal" dialogue "to identify the precise limitations resulting from the disability and potential reasonable accommodations that could overcome those limitations."  *Howard v. HMK Holdings, LLC*, 988 F.3d 1185, 1193 (9th Cir. 2021).

Here, Plaintiff has successfully performed his job duties on a fully remote basis for several years during the pandemic, and has proffered competent evidence in support of this motion that his 100% disability prevents him from returning to work.  He further avers that Defendant failed to meaningfully engage him in an interactive process both then and now, and has continued to retaliate against him by stripping him of his laptop—effectively preventing him from working remotely at all.  That is more than sufficient to establish serious questions about Plaintiff's likelihood of prevailing on both the ADA and Rehabilitation Act claims.[3]

For these reasons, the Court grants the preliminary injunction and enjoins Defendant from effectuating Plaintiff's removal from employment.

**IT IS SO ORDERED.**

---

[3] The Court notes that Defendant filed its notice of removal with full awareness that its request to the Ninth Circuit is still pending, effectively depriving Plaintiff of the relief of the Circuit's original memorandum disposition.  While Defendant is within its rights to seek this further review, the effort to terminate him with the *en banc* request pending strikes the Court as bad faith gamesmanship.